IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MALIK AL MUSTAFA EL-ALAMIN,**

    Plaintiff,

v.                                                                                    **Civil Action No.  5:20-cv-182**
                                                                                                   Judge Bailey

**UNITED STATES OF AMERICA-**
**FEDERAL BUREAU OF PRISONS, et al.,**

    Defendants.

## REPORT AND RECOMMENDATION

On August 24, 2020, the plaintiff, a federal inmate incarcerated at FMC Springfield, filed this action *pro se.* On October 26, 2020, he filed a Motion for Leave to Proceed Without Prepayment of Fees ("*in forma pauperis*"), a Consent to Collection of Fees and a Prisoner Trust Account Report ("PTAR").  Although the PTAR was completed by the plaintiff and no ledger sheets are attached, it would be futile for the undersigned to require the plaintiff to file a properly completed PTAR with ledger sheets.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly.  The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g); **see also, Ashley v. E. Dilworth**, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." **Dupree v. Palmer**, 284 Fed 3d 1234, 1237 (11th Cir. 2002); **see also Finley v. Doe**, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. Under his prior name of Eric Britten[1], he filed **Eric Britten v. Chris Benson, et al.**, Case No. 02-cv-1002 (D. Minn. 2002); **Eric Britten v. City of Brooklyn Center, et al.**, Case No. 02-cv-1192 (D. Minn. 2002); and **Eric Britten v. Bob Kappers, et al.**, Case No. 02-cv-1192 (D. Minn. 2002). All three case were assigned to Magistrate Judge Lebedoff who recommended that each of the cases be dismissed and, for purposes of 28 U.S.C. § 1915(g), that each of the complaints be dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted. Each of the Magistrate's Report and Recommendations stated specifically that

---

[1] In 1999, the plaintiff legally changed his name from Erik Britten to Malik Al Mustafa El-Alamin in the Washington County Court in Stillwater, Minnesota. (See Declaration of Amy Standefer-Malott, previously filed in El-Amin v. Moats, et al., (Central District of Illinois Civil Case No. 13-cv-1091, Doc. 27-1, p.2, ¶3.

the dismissal of each action would be counted as "strike" against the plaintiff for purposes of 28 U.S.C. § 1915(g). United States District Judge Montgomery adopted the R&R for each of the three complaints.  The plaintiff has also had actions dismissed for failure to state a claim under his current name of El-Alamin. *See El-Alamin v. Federal Bureau of Prisons*, Civil No. 14-cv-1136 (S.D. Ill. June 2014) (*sua sponte* dismissal for failure to state a claim) and *El-Alamin v. Fricke*, No. 14-cv-1201 (C.D. Ill. June 4, 2014).

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury.  *See* 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception.  *See Johnson v. Warner*, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished).  Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of  a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, the plaintiff has filed a  complaint alleging that on February 8, 2019, while housed at USP Hazelton, SHU officers put him in ambulatory restraints that were excessively tight and caused permanent marks and lacerations to his wrist and torso.  He also alleges that the prison officials at USP Hazelton hindered the administrative remedy process by failing to provide necessary forms and failing to process forms in a timely manner.  He further alleges that the Health Services Administrator acted with deliberate indifference to his serious medical needs by failing to order prison guards to loosen the ambulatory restraints after observing lacerations from the handcuffs and wrist chains.  Finally, he alleges that the "torture" committed by

staff at USP Hazelton, stemming from placement in ambulatory restraints, has caused him to have symptoms associated with post-traumatic stress syndrome. For relief, he is seeking $3,000,000 in damages.

Upon thorough review of the complaint, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule. The unconstitutional conduct alleged in the plaintiff's complaint stems from a February 8-9, 2019 event, which clearly could not place the plaintiff in danger of imminent "serious physical injury" at the time his complaint was filed 18 months later and after he had been transferred to another BOP facility.

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g) and his pending Motion [Doc. 11] be **DENIED.** The undersigned further recommends that plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 28, 2020

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE