**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**MALIK AL MUSTAFA EL-ALAMIN,**

        Plaintiff,

v.                              **CIVIL ACTION No. 5:20-CV-182**
                                      Judge Bailey

**UNITED STATES OF AMERICA - FEDERAL
BUREAU OF PRISONS, UNKNOWN OFFICER,**
Corrections Officer - Use of Force Team Member,
**B. FRIEND,** Health Services Administrator,
**FEDERAL BUREAU OF PRISONS - UNIT
MANAGER JONES,** Unit Manager,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on October 28, 2020, wherein he recommends that plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and his Motion to Proceed in forma pauperis [Doc. 11] be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140,

1

150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Having filed no objections within that time frame, plaintiff has waived his right to both *de novo* review and to appeal this Court's Order pursuant to 28 U.S.C. § 636(b)(1). Consequently, the R&R will be reviewed for clear error.

Having reviewed the R&R for clear error, it is the opinion of this Court that the Report and Recommendation **[Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court further **ORDERS** that plaintiff's Complaint **[Doc. 1]** be **DISMISSED WITHOUT PREJUDICE**. Furthermore, plaintiff's Motion to Proceed in forma pauperis **[Doc. 11]** is hereby **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the

defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: November 20, 2020.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**